# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2100

_____

Jose Doe

*Plaintiff - Appellant*

v.

Jason T. Olson, Chief of Police, Minot Police Department

*Defendant*

Sgt. Dave Goodman, in his individual and official capacities; Detective
Thompson, in her individual and official capacities; Detective Jesse Smith, in his
individual and official capacities; Unknown, Number of Unknown Federal (ICE)
and City of Minot Agents of Law Enforcement

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: March 28, 2017
Filed: May 25, 2017
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jose Doe filed this 42 U.S.C. § 1983 action against law enforcement officials following the execution of two search warrants. The district court[1] granted summary judgment in favor of defendants, dismissing Doe's federal claims on the merits and on the grounds of qualified immunity, and dismissing his state law claims without prejudice. On appeal, Doe challenges the grant of summary judgment in favor of three defendants on his claims that they violated his Fourth Amendment rights in relation to a search of Doe's rented room and a subsequent search of his vehicle while it was parked at his place of employment. For the reasons that follow, we conclude that these defendants (1) were entitled to qualified immunity as to claims arising out of their participation in the two searches, and (2) were entitled to judgment on the merits on Doe's related claim that he was unlawfully detained in connection with the search of his vehicle. The summary judgment record established the following.

While investigating the internet transfer of child pornography, Special Agent Jesse Smith of the North Dakota Bureau of Criminal Investigations downloaded images of child pornography from a computer with an Internet Protocol (IP) address assigned to a residential address in Minot, North Dakota. Smith applied for a search warrant, attesting that, based on his experience in child pornography cases and his training in computer forensics, there was probable cause to believe that evidence of a crime involving child pornography was being concealed at the Minot residence. A state magistrate issued a warrant authorizing law enforcement officials to search the target residence and to seize images or videos of child pornography in any form, wherever they might be stored, including computers and related storage devices. The residence in question, according to Smith, appeared to be a single-family home based on its appearance and lack of unit numbers.

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendations of the Honorable Charles S. Miller, Jr., United States Magistrate Judge for the District of North Dakota.

Smith--accompanied by Minot Police Sergeant Dave Goodman and Detective Krista Thompson, plus six other law enforcement officials--arrived at the residence on the morning of May 6, 2014, to execute the search warrant. Once inside, law enforcement officials interviewed the persons present and learned that the residence had as many as eleven occupants, some of whom sublet basement bedrooms, and all of whom could access the internet service wirelessly. No child pornography was found during the search of the entire residence, including a basement bedroom that Doe and another person rented. Doe was not present, but police were told that he was at work, and that he had a laptop computer which he carried in a blue bag. Smith, Goodman, and Thompson, who had been given a description of Doe's vehicle, proceeded to Doe's place of employment. The officers spotted Doe's car in the parking lot, and saw a blue laptop bag on the front seat. Inside the premises, the officers met privately with Doe in a conference room, telling him about their investigation and asking for permission to search his vehicle. When Doe denied permission, the officers advised him that they would seek a warrant to search his vehicle and the laptop, and that he could not remove his vehicle while the warrant was being obtained. Doe was not told that he could not leave the premises. Smith then prepared another search-warrant application, supplementing his original affidavit with the results of the initial search of the residence, information learned from interviews of the occupants, and his observation of the laptop bag in Doe's vehicle; and a second search warrant was issued for Doe's vehicle and for any computers and electronic devices located in it. Goodman, Thompson, and Smith then executed the warrant and previewed the laptop computer on site. Once again, they found no child pornography. During this time, a period of about two and one-half hours, Doe was denied access to his vehicle. He was not arrested or charged with any crime. He nevertheless lost his job, and was forced to move out of his rented room.

Doe claimed in his section 1983 action, as relevant to the issues he raises on appeal, that his Fourth Amendment rights were violated as follows: (1) the initial search warrant authorized the search of a single residence rather than a multi-tenant

household; (2) the warrant authorizing the search of Doe's vehicle was unsupported by probable cause; and (3) restricting his access to his vehicle for over two hours resulted in his unlawful detention. Among other defenses, defendants raised qualified immunity. The district court granted defendants summary judgment, and this appeal followed.

Based on the foregoing facts, and following de novo review, we agree with the district court that defendants were entitled to qualified immunity for claims arising out of their participation in the searches. See Chambers v. Pennycook, 641 F.3d 898, 904 (8th Cir. 2011) (noting that when defendant asserts qualified immunity at summary judgment stage, plaintiff must produce evidence sufficient to create genuine issue of fact on whether defendant violated clearly established law). Doe concedes that the first warrant was supported by probable cause to search the single-family residence of the person associated with the IP address linked to the transfer of illegal material; he contends that, nonetheless, the warrant did not satisfy the particularity requirement so as to enable defendants to search rented rooms within the residence. See Groh v. Ramirez, 540 U.S. 551, 557 (2004) (to be valid under Fourth Amendment, search warrant must be based on probable cause, be supported by oath or affirmation, and describe with particularity place to be searched and things to be seized). We conclude, however, that there was no clearly established law putting defendants on notice that a search of Doe's rented room would violate the Fourth Amendment under the circumstances. See Pearson v. Callahan, 555 U.S. 223, 243-44 (2009) (officer conducting search is entitled to qualified immunity where clearly established law does not show search violated Fourth Amendment). The residence appeared to be a single-family home, with no separate unit numbers; and once inside, the search team learned that all of the occupants, some of whom sublet basement bedrooms, could wirelessly access the residence's internet service. Cf. United States v. Perez, 484 F.3d 735, 741 (5th Cir. 2007) (no Fourth Amendment violation occurred in situation where officers reasonably believed one resident occupied premises associated with IP address in question, but learned of additional occupants upon

-4-

arriving; this new information did not alter requisite existence of "fair probability" that search would produce evidence of defendant's illegal transmissions); United States v. White, 416 F.3d 634, 637-38 (7th Cir. 2005) (when search involves building with multiple units, warrant must specify precise unit to be searched to satisfy particularity requirement unless police investigation produced reasonable belief that there was only one tenant).

Doe argues that the search warrant for his vehicle and laptop computer was invalid, because defendants omitted information about the absence of evidence connecting him to child pornography. He does not identify, however, any false information in the warrant affidavit, and it was not entirely unreasonable for defendants to believe they had probable cause to search Doe's vehicle and computer: occupants of the Minot residence told the search team that Doe had access to the residence's wireless internet, and that he carried a laptop computer in a blue bag, and defendants spotted a bag matching that description inside Doe's vehicle. See Messerschmidt v. Millender, 565 U.S. 535, 546 (2012) (qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law,'" quoting Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011)); cf. Morris v. Lanpher, 563 F.3d 399, 403 (8th Cir. 2009) (plaintiffs bear the burden of proving intentional or reckless inclusion of false statements in warrant affidavit).

Finally, we agree with the district court that there was no evidence that Doe, who returned to work while defendants sought and obtained a warrant to search his vehicle, was unreasonably detained or restricted. Cf. Illinois v. McArthur, 531 U.S. 326, 332-33 (2001) (where police had probable cause to believe that party's trailer home contained evidence of crime and contraband, it was reasonable for police to restrict him from entering his trailer for two hours while warrant was obtained).

Accordingly, the judgment is affirmed.

KELLY, Circuit Judge, dissenting.

Because I do not believe the officers are entitled to qualified immunity for the search of Doe's room or the search and seizure of his vehicle and computer, I respectfully dissent. Doe's challenge to the search of his room presents two separate constitutional issues, "one concerning the validity of the warrant and the other concerning the reasonableness of the manner in which it was executed." Maryland v. Garrison, 480 U.S. 79, 84 (1987). Even if the warrant was sufficiently particular to be valid, I believe that its execution violated Doe's clearly established constitutional rights.

Federal courts have consistently held that if officers obtain a warrant to search a building containing a single residential unit, and discover or reasonably should discover during the execution of the warrant that the building actually contains multiple residential units, they are required to limit their search to the unit or units for which they have specific probable cause. E.g., id. at 86–87; United States v. Williams, 917 F.2d 1088, 1092 (8th Cir. 1990); United States v. Geraldo, 271 F.3d 1112, 1118 (D.C. Cir. 2001); Jacobs v. Chicago, 215 F.3d 758, 768–69 (7th Cir. 2000). Here, once the officers arrived at the building named in the warrant, they realized it had been subdivided into separate units, with as many as eleven tenants and subtenants. All eleven could access the building's wireless internet, and the officers had no information leading them to any particular unit, tenant, or device. Therefore, the chance of finding child pornography in any single residential unit—including Doe's rented room—was substantially less than the "fair probability" required for probable cause, and the execution of the warrant was objectively unreasonable.

I also believe that the search and seizure of Doe's vehicle and computer violated his clearly established constitutional rights. The only evidence suggesting

-6-

that Doe might be the person who downloaded the child pornography was that he was one of at least eleven people who could access his building's wireless internet, and that he had a laptop computer in his vehicle. This evidence falls far short of establishing probable cause, and "no reasonably competent officer would have concluded that a warrant should issue." Messerschmidt, 565 U.S. at 547 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). Because the search of Doe's vehicle and computer was not supported by probable cause, I believe the two-and-a-half-hour-long detention of his vehicle and computer was likewise unlawful. See United States v. Place, 462 U.S. 696, 709–10 (1983) (concluding that a ninety-minute detention of luggage that was not supported by probable cause violated the Fourth Amendment). For these reasons, I believe the officers are not entitled to qualified immunity, and would reverse the district court's grant of summary judgment.

_____